IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY & VICINITY CONSTRUCTION WORKERS WELFARE FUND, | ) ) ) |
| FOX VALLEY & VICINITY CONSTRUCTION WORKERS PENSION FUND, | ) ) ) ) |
| LAKE COUNTY, ILLINOIS, PLASTERERS & CEMENT MASONS RETIREMENT SAVINGS FUND, | ) ) ) ) CIVIL ACTION |
| Plaintiffs, | ) NO. 21 C 6036 ) ) JUDGE |
| vs. | ) ) |
| JALPA CONSTRUCTION CORPORATION, an Illinois corporation, | ) ) ) |
| FIDEL PEREZ, an individual, | ) ) ) |
| Defendants. | ) |

## COMPLAINT

The Plaintiffs, FOX VALLEY & VICINITY CONSTRUCTION WORKERS WELFARE FUND, FOX VALLEY & VICINITY CONSTRUCTION WORKERS PENSION FUND and LAKE COUNTY, ILLINOIS, PLASTERERS & CEMENT MASONS RETIREMENT SAVINGS FUND, by their attorneys, complaining of the Defendants, JALPA CONSTRUCTION CORPORATION, an Illinois corporation, and FIDEL PEREZ, an individual, allege as follows:

## COUNT I

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (herein-

after referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs, the FOX VALLEY & VICINITY CONSTRUCTION WORKERS WELFARE FUND, FOX VALLEY & VICINITY CONSTRUCTION WORKERS PENSION FUND and LAKE COUNTY, ILLINOIS, PLASTERERS & CEMENT MASONS RETIREMENT SAVINGS FUND, are various welfare, pension and related joint, labor-management funds and bring this action as "employee welfare benefit funds," and "plans," under ERISA. Plaintiff Funds are administered within this District.

3. JALPA CONSTRUCTION CORPORATION, an Illinois corporation ("Jalpa") is obligated to make fringe benefit contributions to the Funds, under the terms of the certain "Agreements and Declarations of Trust," establishing and outlining the administration of these Funds, and pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant.

4. Upon information and belief, Defendant, FIDEL PEREZ, was an officer of Jalpa and was authorized and competent to sign the Memorandum of Agreement on behalf of Jalpa and himself.

5. As an employer obligated to make fringe benefit contributions to the Funds, Jalpa is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b)     To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c)     To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d)     To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e)     To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f)     To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g)     To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

6.     Jalpa is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respect:

Defendant has failed to make payment of contributions, liquidated damages, accrued interest and audit fees based upon audits of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its employees incorrectly to Plaintiffs.

7.     That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Jalpa, there is a total of $104,797.76, known to be due Plaintiffs from subject however to the possibility that additional monies may be due Plaintiffs from Jalpa based upon Jalpa's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility

3

that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

8. Plaintiffs have requested that Jalpa perform its obligations as aforesaid, but Jalpa has failed and refused to so perform.

9. Jalpa's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A) That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(B) That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(C) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II

10. Plaintiffs hereby reallege and incorporate herein Paragraphs 1 through 9 of Count I as Paragraphs 1-9 of Count II.

11. As an employer obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declarations of Trust, upon the request of the Plaintiffs, Jalpa is specifically required to furnish to the Plaintiffs a wage and welfare bond, certificate of insurance or irrevocable letter of credit, with reputable surety thereon and the Plaintiffs named as obligees

thereunder, in the amount of $25,000, which is consistent with the anticipated future obligations of Jalpa.

12. Pursuant to the power and authority provided by the terms of the Agreements and Declarations of Trust, the Plaintiffs have requested that Jalpa furnish to the Plaintiffs a wage and welfare bond, certificate of insurance or irrevocable letter of credit, with reputable surety thereon and with the Plaintiffs named as obligees therein, in the amount of $25,000, but Jalpa has failed to do so.

13. Plaintiffs are without an adequate remedy at law, have suffered and will suffer immediate, continuing and irreparable injury, loss and damage unless Jalpa is ordered to specifically perform all obligations required by Jalpa to be performed under the terms of the Agreements and Declarations of Trust and to obtain the required wage and welfare bond, certificate of insurance or irrevocable letter of credit, in the amount of $25,000 as requested by Plaintiffs.

WHEREFORE, Plaintiffs pray:

(A) That Jalpa be permanently enjoined to perform its obligations to Plaintiffs under the terms of the Agreements and Declarations of Trust and to obtain and furnish to the Plaintiffs a wage and welfare bond, certificate of insurance or irrevocable letter of credit in the amount of $25,000 for contributions, liquidated damages, interest and attorneys' fees and costs, with reputable surety thereon and the Plaintiffs named as obligees thereunder;

(B) That judgment be entered in favor of Plaintiffs and against Jalpa for Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in this action as specified herein or subsequently determined all as provided in the Plans and in ERISA;

(C) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Jalpa's cost.

## COUNT III
**(Against Defendant, Fidel Perez, an Individual)**

14. Plaintiffs hereby reallege and incorporate herein Paragraphs 1 through 9 of Count I as Paragraphs 1-9 of Count III.

15. This Count is brought under the laws of the United States pursuant to the terms of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based on the existence of questions arising thereunder as hereinafter more fully appears. Alternatively, this Count is brought under the laws of the State of Illinois for breach of contract. Supplemental Federal jurisdiction would then be proper as this claim is "so related" to the claims in Count I that it forms "part of the same case or controversy." 28 U.S.C. §1367.

16. Paragraph 8 of the Memorandum of Agreement (attached hereto) states:

> That the individual signing this agreement agrees to be personally, jointly and severally liable with the employer for any willful failure to pay wages or to accurately report hours to the fringe benefits required by contract.

17. Upon information and belief, the signature on the Memorandum of Agreement is that of Defendant, Fidel Perez ("Perez").

18. Perez was an officer of Jalpa and was authorized and competent to sign the Memorandum of Agreement on behalf of Jalpa and himself.

19. Pursuant to Paragraph 8 of the Memorandum of Agreement, Perez agreed to be personally liable for any unpaid contributions due from Jalpa in an amount to be determined.

WHEREFORE, Plaintiffs pray:

(A) That judgment be entered in favor of the Funds and against Perez for any unpaid contributions, liquidated damages, accrued interest, and audit fees due from Jalpa; and

(B) That the Funds have such further relief as may be deemed just and equitable by the Court, all at Defendant Perez's cost.

/s/   Catherine M. Chapman

Catherine M. Chapman
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6204026
Telephone:  (312) 216-2565
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com

I:\Fvcwj\Jalpa Construction\#29436\complaint.cmc.df.wpd